UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BARBARA PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:07-CV-244 |
| ) | |
| INDIANA MICHIGAN POWER COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER DENYING APPROVAL
OF STIPULATED PROTECTIVE ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 14.)  As the proposed order contains a major defect, it will be DENIED.

The proposed order is impermissibly broad.  A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999*)* (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Here, the proposed order allows either party to freely designate any information that the disclosing party "regards to be confidential or to contain proprietary information." (Proposed Stipulated Protective Order ¶¶ 1,

1

2.)  Though certain properly demarcated categories of "Confidential Information" (such as "Trade secret information" and "Confidential medical information") are later incorporated into the proposed order, the parties' designation of information as "confidential" is not limited solely to these categories, rendering the categories ultimately rather futile.[1]

Furthermore, Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Cincinnati Insurance*, 178 F.3d at 946.  Here, the order provides an inadequate basis for finding good cause as it fails to specify why certain purported protected materials are confidential.  "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Indeed, if the Court were to approve this order, the parties would essentially be left with a

---

[1]  Nonetheless, not all categories identified in the proposed order are properly demarcated; for example, the category of "trade secret business information," which seeks to protect information "including but not limited to customers lists, marketing strategies, and pricing information," is overly broad.  (Proposed Stipulated Protective Order ¶ 4.)  The phrase "including, but not limited to" is a "fudge" that compounds the vagueness of the definition and expands its boundaries even further. *See Cincinnati Insurance*, 178 F.3d at 945.

In addition, the proposed order incorporates the term "non-public" in defining certain categories. (See Proposed Stipulated Protective Order ¶¶ 1, 4.)  However:

> 'Non-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available.  They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook*, 206 F.R.D. at 248-49.  For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury -- business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* (emphasis in original omitted).

2

"virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal," as the proposed order is not limited to the discovery phase of the proceedings. *Cincinnati Insurance*, 178 F.3d at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945.  "Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2; *see generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").

Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.  For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties (Docket # 14).

SO ORDERED.

Enter for this 30th day of October, 2007.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

3